UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-233-DLB

TAURUS ZAMBRELLA                                            PETITIONER

vs.                  **MEMORANDUM OPINION
AND ORDER**

WARDEN, et al.,                                            RESPONDENTS

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Taurus Zambrella has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Zambrella seeks an order pursuant to the Privacy Act, 5 U.S.C. § 552a, to compel an unidentified warden, the Federal Bureau of Prisons, and "U.S. Probation" to remove information in his inmate file which states that he spent sixty days in jail in Chicago in 1998, information Zambrella asserts is incorrect. (Doc. # 1 at 5; Doc. #1-1). He does not contend that this information affects his release date, only his eligibility to participate in certain prison programs. (Doc. # 1 at 5). Zambrella has omitted Section V of the form petition which requires the inmate to indicate the steps he took to exhaust his claims utilizing the BOP's inmate grievance process. Zambrella states that payment of the filing fee is coming "soon." (Doc. # 1-2).

The Court conducts an initial review of Zambrella's petition. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). As a threshold matter, there is ample reason to doubt whether Zambrella may bring this claim in a § 2241 petition at all. Habeas corpus is generally limited to reviewing agency action that affects

1

the very fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Changing the information to which Zambrella takes exception would, at most, make available to him the option to participate in additional prison programs. Such matters are peripheral to the "core" of habeas concerns, namely the duration of confinement or, at the very least, "a quantum change in the level of custody." *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

However, the Sixth Circuit has held that challenges which, if successful, would not affect the duration of a sentence are not necessarily outside the scope of habeas relief. *Terrell v. United States*, 564 F. 3d 442, 445-48 (2009). The Sixth Circuit and district courts within it have assumed without discussion that claims such as this are cognizable in a § 2241 petition. *Locklear v. Holland*, No. 98-6407, 1999 WL 1000835, at *1 (6th Cir. Oct. 28, 1999); *Wingo v. Farley*, No. 4:12-CV-2072, 2013 WL 2151638, at *2-3 (N.D. Ohio May 16, 2013). The Court will indulge the same assumption.

Having cleared one potential jurisdictional hurdle, Zambrella's petition fails a second. First, the Department of Justice has promulgated regulations pursuant to 5 U.S.C. § 552a(j) to exempt the BOP's inmate records systems from the access and amendment provisions of the Privacy Act. *See* 28 C.F.R. § 16.97(a) (2013); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam); *Deters v. United States Parole Comm'n*, 85 F.3d 655, 658 n.2 (D.C. Cir. 1996); *Register v. Lappin*, 07-CV-136-JBC, 2007 WL 2020243, at *3 (E.D. Ky. July 6, 2007) (federal prisoner not entitled to amendment of his custody classification form under Privacy Act since BOP regulations exempt the form from amendment requirements).

Second, while the BOP's inmate records systems are not exempt from § 552a(e)(5)'s accuracy requirements, the only remedy for a violation of those requirements is damages, not the injunctive relief Zambrella seeks. 5 U.S.C. § 552a(g)(1)(C), (g)(4). *See Locklear*, 1999 WL 1000835, at *1; *Deters*, 85 F.3d at 658 n.2; *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C.Cir.1997) (per curiam). Damages cannot be recovered in this habeas proceeding; Zambrella must therefore file a civil action if he wishes to seek that remedy, assuming he can prove his underlying claim. Accordingly,

**IT IS ORDERED** as follows:

1. Zambrella must ensure payment of the five (5) dollar filing fee is received within twenty-one (21) days or the Court will order its collection from his inmate account;

2. Zambrella's petition (Doc. # 1) is **DENIED**;

3. A judgment will be entered contemporaneously herewith; and

4. This matter is **STRICKEN** from the active docket.

This 29th day of August, 2017.



Signed By:
*David L. Bunning*
United States District Judge

k:\data\orders\prose\zambrella 17-233-dlb memorandum rbw.docx